UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN BAKER #69821, <br> MARLON THACKSTON #101452, <br> and <br> CALEB CARTER #Unknown, <br><br> Plaintiffs, <br><br> v. <br><br> SUMNER COUNTY JAIL, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) No. 3:23-cv-01331 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Kevin Baker, Marlon Thackston, and Caleb Carter, all inmates of the Sumner County Jail in Gallatin, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Sumner County Jail and Correctional Officer ("C/O") Owen Harrington. (Doc. No. 1).

By Order entered on January 3, 2024, the Court informed Plaintiffs that they needed to take additional action to proceed with this case. (Doc. No. 4). Plaintiff Carter then filed a Motion for an Extension of Time to comply with the Court's Order. (Doc. No. 6). Carter has since complied, and Plaintiffs filed an Amended Complaint. (Doc. No. 7) As it appears that no extension is necessary, the motion is **DENIED AS MOOT**.

The Amended Complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the Court proceeds with the required PLRA screening, the Court must address the filing fee.

1

# I. FILING FEE

Plaintiffs Baker and Carter have submitted Applications for Leave for Proceed In Forma Pauperis ("IFP Application"). (Doc. Nos. 2 and 9). Baker also submitted an Amended IFP Application. (Doc. No. 8).

Plaintiff Thackston, despite having signed the Amended Complaint (Doc. No. 7), has not submitted an IFP Application or his portion of the civil filing fee as ordered by the Court. (See Doc. No. 4). Further, the Court's mail to Thackston was returned on February 23, 2024, marked "Undeliverable. Return to Sender. Unable to Forward." (Doc. No. 10). It appears that Thackston no longer wishes to prosecute this case. Consequently, going forward, the Court considers the only two Plaintiffs in this case to be Baker and Carter. Thackston shall not be assessed any portion of the civil filing fee.

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Baker and Carter's IFP Applications, it appears each Plaintiff lacks sufficient financial resources from which to pay his portion of the full filing fee in advance. Therefore, both IFP Applications (Doc. Nos. 2, 8, 9) are **GRANTED**.

When there are multiple plaintiffs in a case, each plaintiff is proportionately liable for any fees or costs. See Talley-Bey v. Knebl, 168 F.3d 884, 887 (6th Cir. 1999); In re Prison Litigation Reform Act, 105 F.3d 1131, 1137 (6th Cir. 1997). Here, that means each Plaintiff is responsible for $175. Any subsequent dismissal of a Plaintiff's case, even if voluntarily, does not negate that Plaintiff's responsibility to pay his or her portion of the filing fee. Fox v. Koskinen, No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 24, 2009) (citing McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)).

Accordingly, Baker and Carter are each hereby assessed his portion of the $350 filing fee ($175 each), to be paid as follows:

(1) The custodian of each Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from each Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until each Plaintiff has paid his portion of the filing fee ($175) in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk of Court, United States District Court, Middle District of Tennessee, 719 Church Street, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Sumner County Jail to ensure that the custodian of each Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If either Plaintiff is transferred from his present place of confinement, the custodian of his

inmate trust fund account **MUST** ensure that a copy of this order follows Plaintiff to his new place of confinement for continued compliance with this order.

## II. SCREENING OF THE AMENDED COMPLAINT

A. <u>PLRA Screening Standard</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," <u>id.</u> § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). <u>Id.</u> § 1915A(b).

The court must construe a pro se complaint liberally, <u>United States v. Smotherman</u>, 838 F.3d 736, 739 (6th Cir. 2016) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. <u>See</u> <u>Thomas v. Eby</u>, 481 F.3d 434, 437 (6th Cir. 2007) (citing <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Jourdan v. Jabe</u>, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." <u>McDonald v. Hall</u>, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. Summary of Facts Alleged by Plaintiffs

The allegations of the Amended Complaint are assumed true for purposes of the required PLRA screening. Additional facts are alleged in supplements filed by Plaintiffs. (See Doc. No. 7-3, 7-4).

On November 11, 2023, Plaintiff Baker was "assaulted" by C/O Harrington, C/O Crenshaw, and C/O Horne when Plaintiff refused to relinquish his blanket and for cleaning. (Doc. No. 7 at 5; Doc. No. 7-3 at 1). C/O Horne placed his knee on Baker's neck like "George Floyd." (Doc. No. 7-3 at 1). As a result of this assault, Baker sustained testicular and back injuries, and he now has trouble urinating and defecating. Lieutenant f/n/u Parham subsequently denied Baker medical treatment for his injuries. (Doc. No. 7-3 at 1).

Unspecified individuals are opening Plaintiffs' legal mail and "not providing [inmates] with [their] envelopes to show the postmark dates or address on the envelope to write back to someone." (Doc. No. 7 at 6).

Unspecified individuals are not providing Plaintiffs with books to read or tablets on which to read books, whether the books be for educational, religious, or legal purposes.

When new inmates arrive at intake for processing, they are forced to wear "panties and see through booty shorts type of undergarments." (Id.)

Inmates are only provided with one jumpsuit. Inmates must "send it out" weekly for cleaning, leaving some inmates in their cells "exposed" for periods of time. (Id. at 5).

C. Analysis

The Amended Complaint names two Defendants to this action: the Sumner County Jail and C/O Harrington. Harrington is sued in his individual and official capacities. (See Doc. No. 7 at 2).

5

Case 3:23-cv-01331   Document 11   Filed 04/10/24   Page 5 of 11 PageID #: 84

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

As a preliminary matter, the Sumner County Jail is not a "person" that can be sued under 42 U.S.C. § 1983. Cf. Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); Seals v. Grainger County Jail, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the Amended Complaint fails to state Section 1983 claims upon which relief can be granted against the Sumner County Jail, and all claims against the Sumner County Jail will be dismissed.

The Court now turns to Plaintiff Baker's excessive force claim against C/O Harrington. Under the Eighth Amendment, which applies to convicted prisoners such as Baker (see Doc. No. 7 at 4), an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014) (quoting Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

6

Case 3:23-cv-01331   Document 11   Filed 04/10/24   Page 6 of 11 PageID #: 85

sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." Cordell, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The Sixth Circuit has acknowledged that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" Id. (quoting Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." Cordell, 759 F.3d at 581 (citing Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)). "'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.'" Cordell, 759 F.3d at 581 (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)) (alteration in original). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. Wilkins, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). In the end, a determination of what constitutes "unnecessary and unwanton infliction of pain," is "contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8.

7

Case 3:23-cv-01331   Document 11   Filed 04/10/24   Page 7 of 11 PageID #: 86

Based on the allegations in the Amended Complaint, the Court finds that Plaintiffs state a colorable Eighth Amendment claim under Section 1983 against Defendant C/O Harrington in his individual capacity based on his alleged use of excessive force against Plaintiff Baker. Although the Amended Complaint only names C/O Harrington as a Defendant, it alleges that C/O Crenshaw and C/O Horne also participated in the use of excessive force against Baker. Thus, had the Amended Complaint named Crenshaw and Horne as defendants, Plaintiff would have stated colorable Eighth Amendment excessive force claims against them as well. Because Plaintiffs are proceeding pro se, the Court finds that it is appropriate to give Plaintiffs an opportunity to amend their complaint to name C/O Crenshaw and C/O Horne as defendants to this claim, if Plaintiffs so desire.

The Amended Complaint also alleges an excessive force claim against C/O Harrington in his official capacity. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993). Here, C/O Harrington is an employee of Sumner County, Tennessee. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Sumner County or its agent. Monell Dep't of Social Svcs., 436 U.S. 658, 690-691 (1978). In short, for Sumner County to be liable to Plaintiffs under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Baker's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir. 2013) (citing Monell, 436 U.S. 658, 693); Regets v. City of Plymouth, 568 F. App'x 380, 394 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence

8

Case 3:23-cv-01331   Document 11   Filed 04/10/24   Page 8 of 11 PageID #: 87

of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

Here, the allegations of the Amended Complaint are insufficient to state a claim for municipal liability against Sumner County under Section 1983. The Amended Complaint does not identify or describe any of Sumner County's policies, procedures, practices, or customs relating to the incidents at issue; the Amended Complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of any Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Sumner County on notice of a problem. See Okolo v. Metro. Gov't of Nashville, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012). However, given that the Court is permitting Plaintiffs to amend their complaint to allege Section 1983 excessive force claims against C/O Crenshaw and C/O Horne in their individual capacities, the Court will permit Plaintiffs to better articulate their official capacity claim against Sumner County. The claim will not be dismissed at this time for that reason.

Next, the Amended Complaint alleges that Plaintiff Baker was denied medical treatment for the injuries he sustained on November 11, 2023. The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. See Grubbs v. Bradley, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. See Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir. 1984). In a supplement to the Amended Complaint, Plaintiffs identify Lieutenant f/n/u Parham as the

9

Case 3:23-cv-01331   Document 11   Filed 04/10/24   Page 9 of 11 PageID #: 88

individual who denied medical treatment to Baker. (Doc. No. 7-3 at 1). However, Lieutenant Parham is not named as a defendant to this action. Should Plaintiffs wish to amend their complaint to add Lieutenant Parham as a defendant, they will be permitted to do so. Plaintiffs should include any additional allegations regarding this incident.

Finally, the Amended Complaint includes additional allegations pertaining to mail delivery, inmate access to books, and inmate attire. However, it does not identify the individual(s) responsible for alleged deprivations of Plaintiffs' civil rights related to these matters. Nor does it identify how these deprivations specifically affected Plaintiffs Baker and Carter. Considering Plaintiffs' pro se status, the Court will permit Plaintiffs an opportunity to amend these allegations to fully more articulate their claims and the individuals responsible.

### III. CONCLUSION

The Court has screened the Amended Complaint pursuant to the PLRA and determines that it fails to state a claim upon which relief can be granted under Section 1983 against the Sumner County Jail. All claims against the Sumner County Jail are **DISMISSED**.

The Amended Complaint states a colorable Section 1983 claim against Defendant C/O Harrington in his individual capacity based on his alleged use of excessive force. This claim shall proceed.

All other claims are subject to dismissal. However, for the reasons explained above, the Court will permit Plaintiffs an opportunity to amend their complaint to provide more details concerning their official capacity claim against Sumner County, to add C/O and C/O Horne Crenshaw as defendants to Plaintiffs' excessive force claim, and to identify the individual(s) responsible for the alleged deprivations of Plaintiffs' civil rights regarding medical care, mail delivery, book privileges, and inmate attire. If Plaintiffs wish to amend their complaint, they

**MUST** file the Amended Complaint no later than 30 days after the date this Memorandum Opinion and Order is entered. Both Plaintiffs must sign the Amended Complaint.

If Plaintiffs submit a timely Amended Complaint, the Court will screen the Amended Complaint pursuant to the PLRA upon receipt. If Plaintiffs fail to file an Amended Complaint after 30 days, all claims will be dismissed excluding the excessive force claim against C/O Harrington in his individual capacity, which will proceed.

Either Plaintiff may request a written extension of time to comply with this Order if filed within 30 of the date of entry of this Order. <u>Floyd v. United States Postal Service</u>, 105 F.3d 274, 279 (6th Cir. 1997), <u>superseded on other grounds by</u> Fed. R. App. P. 24. Any motion to extend will pertain only to Plaintiff whose name appears on the motion.

Plaintiff Carter should provide the Court with his inmate number in the event of a transfer to another facility as some facilities require inmate numbers to appear on mail from the Court.

Plaintiffs state they are concerned their mail to the Court has not been received. The Clerk is **DIRECTED** to mail Plaintiffs a copy of the docket sheet in this case for their review.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE