UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN BAKER #69821,<br>and<br>CALEB CARTER #73067,<br><br>    Plaintiffs,<br><br>v.<br><br>SUMNER COUNTY JAIL, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)   No. 3:23-cv-01331<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Kevin Baker and Caleb Carter filed this pro se action under 42 U.S.C. § 1983 against the Sumner County Jail and Correctional Officer ("C/O") Owen Harrington. (Doc. No. 1).

By Memorandum Opinion and Order entered on April 10, 2024, the Court screened the Amended Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found it failed to state a claim upon which relief can be granted under Section 1983 against the Sumner County Jail. (Doc. No. 11). That claim, therefore, was dismissed. The Court further found that the Amended Complaint stated a colorable Section 1983 claim against Defendant C/O Harrington in his individual capacity based on his alleged use of excessive force. All other claims were subject to dismissal for various reasons, all set forth in the Court's prior Memorandum and Order.[1]

The Court, however, permitted Plaintiffs to amend their Amended Complaint, if they so desired, to provide more details concerning their official capacity claims against Sumner County, to add C/Os Horne and Crenshaw as defendants to Plaintiffs' excessive force claim, and to identify

---

[1] The Court additionally dismissed another inmate, Marlon Thackston, as a co-Plaintiff; granted Baker and Carter's Applications to Proceed In Forma Pauperis; and assessed the filing fees against them to be collected pursuant to an installment plan. (Doc. No. 11 at 2-3).

1

the individual(s) responsible for the alleged deprivations of Plaintiffs' civil rights regarding medical care, mail delivery, book privileges, and inmate attire.

The Court instructed Plaintiffs to file any amended complaint no later than May 10, 2024. (Doc. No. 11 at 10). Plaintiffs thereafter timely filed an amended complaint (Doc. No. 14), which the Court designates the Second Amended Complaint. The Court now must consider whether the newly added claims in the Second Amended Complaint survive the required PLRA initial screening.

Therein, Plaintiffs name C/Os Horne and Crenshaw as Defendants to Plaintiffs' excessive force claims. The Court previously found that, had the Frist Amended Complaint named Crenshaw and Horne as Defendants, Plaintiffs would have stated colorable Eighth Amendment excessive force claims against them. (See Doc. No. 11 at 8). Thus, those claims against Crenshaw and Horne in their individual capacities survive the PLRA screening.

Plaintiffs also identify the individual who allegedly denied medical treatment to Plaintiff Baker after the alleged assault by C/Os Harrington, Horne, and Crenshaw. And Plaintiffs contend that Lieutenant f/n/u Parham knew or should have known that "Baker . . . could have been bleeding out internally" when he refused Baker's request to be taken to the medical department. (Doc. No. 14 at 12). Although Plaintiffs ultimately must support these allegations with evidence, the Court finds that Plaintiffs' Eighth Amendment claim based on the denial of medical treatment is not frivolous or malicious and should proceed for further development.

The Second Amended Complaint does not provide more details concerning Plaintiffs' official capacity claims against Sumner County. Thus, those claims will be dismissed for the reasons stated in the Court's prior Memorandum Opinion and Order. (See Doc. No. 11 at 8-9). Neither does the Second Amended Complaint contain any additional information about the alleged

deprivations of Plaintiffs' civil rights regarding mail delivery, book privileges, and inmate attire. Plaintiffs have not stated Section 1983 claims upon which relief can be granted with respect to those allegations.

To summarize the Court's screening of the Second Amended Complaint, the following claims shall proceed: (1) Section 1983 claims against Defendants C/Os Harrington, Horne, and Crenshaw in their individual capacities based on their alleged use of excessive force against Plaintiff Baker on November 11, 2023; and (2) a Section 1983 claim against Defendant Parham in his individual capacity based on his alleged denial of medical treatment to Plaintiff Baker for the injuries he allegedly sustained in the November 11, 2023 attack.

As to the other claims and Defendant Sumner County, the Second Amended Complaint fails to state claims upon which relief can be granted under Section 1983. Those claims and Defendant Sumner County, therefore, are **DISMISSED**.

Consequently, the Clerk is instructed to send Plaintiffs service packets (a blank summons and USM 285 form) for the remaining Defendants (Harrington, Horne, Crenshaw, and Parham). Plaintiffs **MUST** complete the service packets and return them to the Clerk's Office within 30 days of the date of entry of this Order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the remaining Defendants.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED**[2] to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. The Court's determination that

---

[2] The Court notes that it is unclear how Plaintiff Carter is connected to the claims arising from Plaintiff's Baker's alleged assault and denial of medical treatment. The Court leaves this matter in the Magistrate Judge's capable hands.

the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for seasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiffs are advised that process cannot be served upon any Defendant until the full name of the individual involved in the alleged incident has been determined.

Plaintiffs are forewarned that their prosecution of this action will be jeopardized if they should fail to keep the Clerk's Office informed of their current addresses.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE