UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KEVIN BAKER, et al., | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) No. 3:23-cv-01331 |
| OWEN HARRINGTON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 51) recommending that the Court: grant Defendants' Motion to Dismiss Claims by Plaintiff Caleb Carter ("Carter") (Doc. No. 25); deny Defendants' Motion For a More Definite Statement (Doc. No. 30); and grant Plaintiffs' Motions for Extension of Time to Respond to Defendants' Motions and to Ascertain Status of the Case (Doc. Nos. 45, 50). Defendants have filed objections to the Magistrate Judge's recommendation that the Court grant Plaintiffs' Motion for Extension of Time (Doc. No. 45). (Doc. No. 52). Carter, proceeding pro se, has filed a letter informing the Court that he does not object to the R&R.[1] (Doc. No. 53). For the following reasons, Defendants' objections will be sustained in part and overruled in part, and the R&R will be approved and adopted with modification.

---

[1] Plaintiff Kevin Baker ("Baker"), proceeding pro se, has also filed a request that the Court "enter default Judgment" in his favor. (Doc. No. 55). Because the Court interprets this request to be distinct from the R&R, the Court need not address this filing for the purposes of resolving the instant matter.

## I. BACKGROUND

Because the only portion of the R&R objected to is the Magistrate Judge's recommendation on Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motions (Doc. No. 45), the Court need only address that issue here.

On September 27, 2024, Defendants filed a Motion for More Definite Statement against Baker (Doc. No. 30). With Baker having failed to respond to Defendants' Motion (Doc. No. 30), on November 1, 2024, the Magistrate Judge ordered Baker to show cause by November 22, 2024 on why his claims should not be dismissed for failure to prosecute. (Doc. No. 35). On January 17, 2025, Plaintiffs—though a submission seemingly penned and mailed by Carter—filed a Motion for Extension of Time (Doc. No. 45), requesting permission to "file a motion for extension of time" on the instant matter, noting that they were "putting [together] the information needed to submit a more definite statement concerning" Defendants. (Id.). A week later, Carter filed a "more definite statement" addressing only Baker's claims. (Doc. No. 48). On March 4, 2025, Carter filed a Motion to Ascertain Status (Doc. No. 50), requesting information about the case.

The Magistrate Judge addresses these motions (Doc. Nos. 45, 50) in a footnote. There, the Magistrate Judge states:

> In correspondence received by the court on January 22, 2025, Carter states he "is writing as a response to his dismissal as a plaintiff." Docket No. 46, p. 1. Carter explains that he did not have a mailing address and updated the Court as soon as he could, but was unaware of defendants' pending motions and November 22 deadline because he did not have an address. Id. The undersigned will construe the January 22 letter as a response to defendants' motion and will grant plaintiffs' motion for an extension of time to respond to the motion. Docket No. 45.

It is this determination that is the subject of Defendants' objections. (Doc. No. 52).

## II. STANDARD OF REVIEW

Defendants raise two objections to the R&R with respect to the Magistrate Judge's recommendation on Plaintiffs' Motion for Extension (Doc. No. 45). Before addressing

Defendants' objections to the R&R, it is worth emphasizing that the Federal Rules of Civil Procedure and this Court's Local Rules provide that only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Proper objections also "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). "The district judge must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been *properly* objected to." Fed. R. Civ. P. 72(b)(2) (emphasis added). In doing so, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. § 636(b)(1)(C).

The rules distinguish between proper objections that deserve de novo review, and "vague, general, or conclusory objections," which do "not meet the requirement of specific objections and [are] tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Indeed, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." VanDriver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004) (citations and quotations omitted). Further, arguments raised for the first time to the district court on objection are not normally properly before the district court for consideration, as arguments are usually waived when not first presented to the magistrate judge. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (party procedurally barred from raising claim not raised before the magistrate judge); The Glidden Co. v. Kinsella, 386 F. App'x. 535, 544 (6th Cir. 2010) (declining

3

to review an issue that the district judge did not consider because it was not presented to the magistrate judge).

Whether objections are properly raised is of great import, as an improper objection amounts to a "failure to properly, specifically, and timely object to a report and recommendation," which "releases the Court from its duty to independently review the matter." Lawhorn v. Buy Buy Baby, Inc., 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021). When a litigant makes improper objections, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Under these circumstances, "[t]he functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks," and "[t]his duplication of time and effort wastes judicial resources rather than sav[es] them, and runs contrary to the purposes of the Magistrates Act." Id. With these standards in mind, the Court now turns to whether Defendants' objections are proper or meritorious.

## III. DISCUSSION

Defendants contend the Magistrate Judge erred in two ways in granting Plaintiffs' Motion for Extension (Doc. No. 45): (1) by crediting the filing to both Baker and Carter despite it being improperly filed by Carter on Baker's behalf (Doc. No. 52 at 6–7); and (2) by failing to dismiss Baker's claims considering Baker failed to provide any reason why he did not respond to Defendants' Motion for a More Definitive Statement (Doc. No. 30) or the Court's show cause order (Doc. No. 35). (Id. at 7–9). The Court will address each issue in turn.

As an initial matter, Defendants' second objection pertaining to Baker's compliance (or lack thereof) with the Court's show cause order (Doc. No. 35) is not properly before this Court. Defendants' purported objection, essentially asserting that the Magistrate Judge erred by not *sua*

4

*sponte* dismissing Baker's claims, amounts to no more than a disagreement over how the Magistrate Judge handles matters within his discretion on his own docket. See VanDriver, 304 F. Supp. 2d at 938. The Court declines to view this as a valid objection, or to find the Magistrate Judge erred as a matter of law by exercising his discretion to not address Baker's failures to respond at this time. See Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 362–63 (6th Cir. 1999) (dismissal for failure to prosecute is a tool allowing courts to manage their own dockets and avoid unnecessary burdens, which courts are given "substantial discretion" over the use of); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962) ("The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Nevertheless, Defendants' first objection to the R&R—arguing the Court should decline to adopt the R&R recommending that the Court grant Plaintiffs' Motion for Extension (Doc. No. 45) as to Baker because Carter, impermissibly acting as Baker's lawyer, filed the Motion—is properly raised before the Court. On that issue, Defendants are specific as to the Magistrate Judge's purported error and Defendants' view on the correct outcome of the affected portion of the R&R. See L.R. 72.02(a). Accordingly, the Court will conduct a *de novo* review of that issue. Fed. R. Civ. P. 72(b)(2).

Upon doing so, the Court agrees with Defendants that Plaintiffs' Motion for Extension (Doc. No. 45) cannot be granted as to Baker. Defendants are correct that a party may not sign and file materials on behalf of another party unless they are a qualified attorney. See Theriault v. Silber, 579 F.2d 302, 302 n.1 (5th Cir. 1978) (finding appeal only effective for the party filing it);

5

Case 3:23-cv-01331    Document 57    Filed 07/15/25    Page 5 of 7 PageID #: 287

Scarrella v. Midwest Federal Sav. and Loan, 536 F.2d 1207, 1209 (8th Cir. 1976) (notice of appeal only effective for party that signed it); McKinney v. DeBord, 507 F.2d 501, 503 (9th Cir. 1974) (dismissing purported appeals of parties that did not sign appeal). Given this principle, Plaintiffs' Motion for Extension (Doc. No. 45) can only apply to Carter. True, it is not entirely clear who wrote the Motion, given its various references to "we," i.e., Baker and Carter, and both Plaintiffs' names being signed in the lower right-hand corner of the Motion. (Doc. No. 45 at 1). Still, it is evident that only Carter filed it. For instance, the lower left-hand corner has a note to send "copies to" Baker (id.), and the name and address on the front of the envelope both belong to Carter. (Id. at 2). Because it is clear from the face of the Motion (Doc. No. 45) that only Carter is its sender, and there is no dispute that Carter is not a licensed attorney who can file papers on Baker's behalf, the Motion (Doc. No. 45) can only apply to Carter. See Theriault, 579 F.2d at 302 n.1. Accordingly, the Court will sustain Defendants' objection on this issue, Plaintiffs' Motion for Extension (Doc. No. 45) as applied to Baker will be denied, and the Court will modify the R&R to that end.

IV.     CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Defendants' objection to the Magistrate Judge's recommendation that the Motion for Extension (Doc. No. 45) be granted as to Baker is **SUSTAINED**;

2.     The Court **MODIFIES** the R&R (Doc. No. 51) to clarify that Plaintiffs' Motion for Extension (Doc. No. 45) is **DENIED** as to Baker;

3.     Defendants' objection to the Magistrate Judge's decision not to dismiss Baker's claims based on his failure to respond to Court and party filings is **OVERRULED**;

4.     The R&R (Doc. No. 51) is **APPROVED AND ADOPTED** in all other respects;

5. Defendants' Motion to Dismiss Claims by Carter (Doc. No. 25) is **GRANTED**, and his claims against Defendants are **DISMISSED WITH PRJUDICE**;

6. Defendants' Motion for a More Definite Statement (Doc. No. 30) is **DENIED**; and

7. Plaintiffs' Motion to Ascertain Status (Doc. No. 50) is **GRANTED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE