**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KEVIN BAKER, et al.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:23-cv-01331** |
| **v.** | ) | **Judge Crenshaw / Frensley** |
| | ) | |
| **OWEN HARRINGTON, et al.,** | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court are Defendants' "Motion for Summary Judgment Against Plaintiff Kevin Baker" and "Motion to Dismiss for Failure to Comply with the Court's Show Cause Order and Grant Defendants' Motion for Summary Judgment, or in the Alternative, Dismiss for Failure to Prosecute." Docket No. 59 ("Motion for Summary Judgment"); Docket No. 68 ("Motion to Dismiss"). For the reasons set forth below, the undersigned recommends Defendants' Motion for Summary Judgment (Docket No. 59) be **GRANTED** and their Motion to Dismiss (Docket No. 68) be **DENIED AS MOOT.**

## I. BACKGROUND

Plaintiff Kevin Baker is a pro se prisoner litigant. He has been in and out of jail throughout this litigation, and several issues have been caused by his failure to keep the Court apprised of his address as required by Local Rule 41.01(b). In April of 2024, he informed the Court that he had returned home, and his address on file was updated accordingly. Docket No. 13. Plaintiff returned to Sumner County Jail in August of 2025, but did not inform the Court until February of 2026. Docket No. 70. Thus, from August to February, Plaintiff was in jail while his address on file was his home address.

During this period, on October 31, 2025, Defendants filed a Motion for Summary Judgment

and supporting documents. Docket Nos. 59–63. Although Plaintiff's address on file was his home address at this point, Defendants' certificates of service aver they sent the documents to Sumner County Jail, which they stress in the Memorandum in Support of the Motion to Dismiss. *See id.*; Docket No. 69, pp. 6–7. However, Plaintiff claims (or implies), at least as of March of 2026, that he had not received the summary judgment documents. *See* Docket Nos. 70; 71.

In any case, Plaintiff did not respond to the Motion for Summary Judgment by the November 21 deadline, so on December 1, the undersigned ordered him "to show cause by December 22, 2025, why his claims should not be dismissed for failure to prosecute or for the reasons stated in the Defendants' Motion for Summary Judgment." Docket No. 65. The next day, a letter from former plaintiff Caleb Carter which requested the summary judgment documents was mistakenly filed as Plaintiff's "Motion for Documents." Docket No. 66. Plaintiff himself did not respond in any way; it appears the order did not reach him as he had not yet informed the Court that he had returned to jail.

Accordingly, on January 14, 2026, Defendants filed the Motion to Dismiss and a Memorandum in Support, asking the Court to dismiss for failure to comply with the show cause order; to treat their facts as undisputed and grant summary judgment; or to dismiss for failure to comply with Local Rule 41.01(b). Docket Nos. 68; 69. In a letter filed February 27, Plaintiff responded to the Motion to Dismiss, stating he had been in jail since August and never received the show cause order; he also implied that he had not received the Motion for Summary Judgment either. *See* Docket No. 70. The Clerk accordingly updated his address to the jail and sent the show cause order there. *Id.* (docket text).

Presumably after receiving the show cause order, Plaintiff sent another letter in which he reiterated that he had been in jail but stated that he would return to his home address on April 8,

2026. Docket No. 71. His address was not updated, however, but remained listed as the Sumner County Jail. Then, on April 3, the undersigned granted the "Motion for Documents" and ordered the summary judgment documents be sent to the Sumner County Jail. Docket No. 72. Although Plaintiff claimed he would return home on April 8, he apparently remained in jail and received the summary judgment documents: On June 12, he mailed an assortment of documents to the Court which included a picture of the Motion for Summary Judgment (but did not otherwise address any of Defendants' arguments or statements of fact) and listed the Sumner County Jail as the return address. Docket No. 77, pp. 8, 23–24.

It therefore appears certain that Plaintiff has possessed both the show cause order and the summary judgment motion for at least two months, even if it is true that he had not received the summary judgment documents earlier than April. Nevertheless, he still has not submitted anything addressing the arguments or assertions of fact in the Motion for Summary Judgment.

Because Plaintiff has had ample time to respond and reason to understand the urgency of doing so, the undersigned will now address the Motion for Summary Judgment at this stage. However, it would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Court of Appeals for the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden. . . . The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (modifications in original) (citations omitted). The undersigned will, therefore, summarize Defendants' Motion and consider whether they have met their burden under the appropriate summary judgment standards discussed below.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On October 31, 2025, Defendants filed a Motion for Summary Judgment (Docket No. 59), a Memorandum in Support (Docket No. 60), and a Statement of Undisputed Material Facts (Docket No. 63) which relies on the Declaration of Jerry Scott (the Jail Administrator of Sumner County Jail) and exhibits attached thereto (Docket No. 61).

The pertinent portions of Defendants' statement of undisputed facts are as follows: "Each pod in the Sumner County Jail . . . has a kiosk that allows inmates . . . to file grievances, which are sent to Jail Administration." Docket No. 63 ¶ 1. Plaintiff is aware of these kiosks and has used them several times to submit grievances. *Id.* ¶¶ 2, 4; *see also* Docket No. 61-1. The Sumner County Jail Inmate Rulebook requires grievances to be filed within seven days of an alleged incident, a rule which Plaintiff was aware of. Docket Nos. 61-3, p. 3; 63 ¶ 7. Plaintiff has alleged that excessive force was used against him on November 11, 2023 (Docket No. 14, p. 5), but he did not file any grievance within seven days of this date (Docket No. 63 ¶ 5; *see also* Docket No. 61-1). Plaintiff filed grievances which could plausibly refer to the incident on December 1, 2023, December 12, 2023, December 13, 2023, and February 25, 2024, though none mention the Defendants nor November 11, 2023. Docket No. 63 ¶¶ 8–9; Docket No. 61-1, pp. 4, 6–7, 21.

Defendants argue that Plaintiff failed to "properly" exhaust the available administrative remedies—which, under the Prison Litigation Reform Act, is a prerequisite to bringing this suit—because he did not file a grievance within one week of the incident as required by the Jail's rules. Docket No. 60, pp. 6–8. They argue that even if the grievances from December and February refer to the incident, these would have been untimely, making exhaustion improper in any case. *Id.* at 8.

## III. LAW & ANALYSIS

### A. The Prison Litigation Reform Act's Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). The United States Supreme Court has explained that, as a statute that employs mandatory language, "the PLRA establish[es] mandatory exhaustion regimes, foreclosing judicial discretion," and has "reject[ed] every attempt to deviate . . . from [the PLRA's] textual mandate." *Ross v. Blake*, 578 U.S. 632, 632, 639–40 (2016). Flowing from the textual requirement that administrative remedies be "available," however, the Supreme Court has identified three limited exceptions to this exhaustion requirement wherein administrative remedies are deemed "unavailable," obviating the need to exhaust them:

> First, . . . an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.
>
> . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it.
>
> . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Id.* at 643–44 (citations omitted). The Supreme Court characterized exceptions beyond these three as "extra-textual" and outside the province of courts to create, regardless of the circumstances in any individual case. *See id.* at 637–39.

Moreover, if administrative remedies are available, a plaintiff's attempt to use them is not enough; rather, as the Supreme Court has explained, he must exhaust them *properly*:

> Administrative law . . . requir[es] proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so

> that the agency addresses the issues on the merits)."

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Pertinently, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90.

**B. Summary Judgment Standard Under the PLRA**

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the moving party, Defendants "ha[ve] the initial burden of informing the Court of the basis for [their] motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). In this case, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by [Defendants]. . . . Because [Defendants] moved for summary judgment on this defense, it [is their] burden to show that there [is] an absence of evidence to support the nonmoving party's case." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007); *Vandiver v. Corr. Med. Servs., Inc.*, 326 Fed. App'x 885, 888 (6th Cir. 2009); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Namely, Defendants must show an absence of evidence supporting either of the conclusions that administrative remedies were unavailable or that Plaintiff properly exhausted available remedies.

Defendants who move for summary judgment based on a PLRA affirmative defense may show such an absence of evidence by presenting evidence that contradicts a conclusion favorable to the plaintiff. In *Napier*, for example, the plaintiff claimed that the grievance process of the defendant's detention facility was unavailable while he was imprisoned in another facility. 636 F.3d at 223. The defendant presented evidence contradicting the conclusion that this made the grievance process unavailable: "Nothing in the [facility's] policy explicitly prohibits inmates from

filing grievances after they have been released from that facility" and "the defendants submitted evidence that a different prisoner has, in fact, filed a grievance at [the facility] while incarcerated elsewhere in the state." *Id.* at 225. The Sixth Circuit held that this showed an absence of evidence and that the defendant met their burden. *Id.*

If Defendants met this burden here, Plaintiff would have been "required to present 'significant probative evidence' to defeat the motion for summary judgment on this ground." *Napier*, 636 F.3d at 225 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, "[i]f a timely response to a moving party's statement of material fact is not filed within the time periods provided by these rules, the asserted facts shall be deemed undisputed for purposes of summary judgment." M.D. Tenn. Local Rule 56.01(g).

Finally, in deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The Court does not, however, "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether there is evidence on which a trier of fact could reasonably find for the non-moving party, *see id.* at 252, but the "'mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient' to survive summary judgment." *Rodgers*, 344 F.3d at 595 (quoting *id.*)).

**C. The Case at Bar**

The undersigned finds that Defendants have met their burden to present evidence demonstrating an absence of evidence that either administrative remedies were unavailable or that Plaintiff properly exhausted the available remedies. Because these facts must be deemed undisputed under Local Rule 56.01(g) due to Plaintiff's failure to respond, the undersigned finds

that Defendants are entitled to judgment as a matter of law and recommends that summary judgment be granted.

Defendants' Statement of Undisputed Facts and the documents it relies on establish an absence of evidence that administrative remedies were unavailable. To begin with, Jail Administrator Jerry Scott asserts that one exists in the form of Sumner County Jail's grievance system, and the same is described in the Jail Inmate Rulebook. Docket Nos. 63 ¶ 1; 61-3, pp. 2–3. Moreover, there is an absence of evidence supporting either of the three exceptions wherein a remedial scheme is deemed unavailable because, consistent with *Napier,* Defendants have submitted evidence contradicting each exception.

First, there is no evidence that the grievance system is a "simple dead end" because Plaintiff's record of grievances showcases several instances in which administrators at the Jail either fulfilled his requests, informed him of the proper procedures he would need to follow to address his concerns, or explained why his requests were being denied. *See generally* Docket No. 61-1. Even in the light most favorable to Plaintiff, this indicates that the officers were not "unable or consistently unwilling to provide any relief to aggrieved inmates," *Ross*, 578 U.S. at 643.

Second, there is no evidence that the grievance system is "incapable of use" because Plaintiff had access to it and successfully used it to file dozens of grievances in the seven month period documented in Defendants' exhibit. Docket Nos. 63, ¶¶ 2, 4, 8–9; 61-1. This precludes any suggestion that the grievance system is "so opaque that it [is], practically speaking, incapable of use" or that "no reasonable prisoner can use" it. *Ross*, 578 U.S. at 643–44.

Third, the evidence discussed in relation to the first two exceptions also demonstrates an absence of evidence that "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

Since Defendants have shown an absence of evidence that administrative remedies were unavailable, they must also show an absence of evidence that Plaintiff properly exhausted the grievance procedure. They have. The Inmate Rulebook requires grievances to "be filed within seven (7) days of the complaint or incident." Docket No. 61-3, p. 3. Plaintiff alleged excessive force was used against him on November 11, 2023 (Docket No. 14, p. 5), but he did not file any grievance within seven days of this date (Docket No. 63 ¶ 5; *see also* Docket No. 61-1). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548, U.S. at 90, and Defendants have demonstrated an absence of evidence that Plaintiff did so.

Since Defendants have met their burden, Plaintiff is "required to present 'significant probative evidence' to defeat the motion for summary judgment on this ground." *Napier*, 636 F.3d at 225 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Plaintiff has provided no evidence at all, however, and has no excuse for doing so: the facts in the light most favorable to Plaintiff show that he has possessed the show cause order since March and the summary judgment documents themselves since at least April; still, in the months that he has been on notice of Defendants' factual assertions and legal arguments—as well as his duty to respond and the consequences of not doing so—he has failed to address them.

Thus, Defendants' assertions of fact are deemed undisputed as required by Local Rule 56.01(g). These undisputed facts establish that Sumner County Jail had an available remedial scheme which Plaintiff failed to properly exhaust. 42 U.S.C § 1997e(a) therefore bars this lawsuit, entitling Defendants to judgment as a matter of law.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendants' Motion for

Summary Judgment (Docket No. 59) be **GRANTED** and their Motion to Dismiss (Docket No. 68) be **DENIED AS MOOT.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**