**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KEVIN BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:23-cv-01331** |
| | ) | |
| **OWEN HARRINGTON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is the Report and Recommendation of Magistrate Judge Jeffery S. Frensley ("R&R") (Doc. No. 78), recommending that the Court grant Defendants' motion for summary judgment (Doc. No. 59) and deny as moot Defendants' motion to dismiss (Doc. No. 68).

The R&R, issued on August 4, 2026, notified Kevin Baker that any objections must be filed within fourteen days after service. (Doc. No. 78 at 10). Even allowing three additional days for service by mail, Fed. R. Civ. P. 6(d), Baker's deadline to object expired on August 21, 2026. Baker filed no objections.

The Court is satisfied that Baker received adequate notice of Defendants' motion for summary judgment and the Court's orders requiring him to respond. After Baker advised the Court that he had returned to the Sumner County Jail, (Doc. No. 70), the Magistrate Judge directed the Clerk to mail Baker copies of Defendants' motion for summary judgment, supporting memorandum, declaration and exhibits, and statement of undisputed material facts (Doc. No. 72). Baker confirmed his receipt of these materials in his June 16, 2026 filing, which included copies of the show cause order, the order directing service of the summary judgment filings, and Defendants' motion for summary judgment. Thus, even treating June 16, 2026, as the earliest date

Baker received these materials, he had ample time to respond to Defendants' motion and the Court's show cause order. He has not done so.

Because Baker lodged no objections to the R&R, the Court need only review it for clear error. Fed. R. Civ. P. 72(b) advisory committee note of 1983 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court has nevertheless conducted a de novo review of the R&R and the summary judgment record. The Court agrees with the Magistrate Judge that Defendants have carried their burden of establishing that Baker failed to exhaust the administrative remedies available to him before filing this case, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Defendants therefore are entitled to judgment as a matter of law.

Accordingly, the Court **ADOPTS** the R&R (Doc. No. 78) in its entirety. Defendants' motion for summary judgment (Doc. No. 59) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**. All other pending motions are **DENIED AS MOOT**. The Clerk is directed to mail a copy of this Order to Kevin Baker at the Sumner County Jail, 117 W Smith St, Gallatin, TN 37066. The Clerk shall close the file.

IT IS SO ORDERED

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE